# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY J. BRODZKI,

    *Plaintiff*,

vs.

TOPEKA POLICE DEPARTMENT,

    *Defendant.*

Case No. 10-2392-EFM

## MEMORANDUM AND ORDER

  This civil case is brought by Anthony J. Brodzki against the Topeka Police Department. He broadly alleges that his civil rights were violated. Before the Court is Defendant's Motion to Dismiss (Doc. 11) and Plaintiff's Motion for Injunction (Doc. 17). For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion.

### I. Factual and Procedural Background[1]

  Pro se Plaintiff Anthony J. Brodzki filed his complaint on July 14, 2010. In his complaint, he alleges that in July of 2008, he got off the freeway in Topeka, Kansas and went through the drive-through at Burger King. After eating his burger in the parking lot, he went back to the interstate to leave Topeka.

---

[1] For the purposes of this Order, the Court assumes the truth of these facts.

-1-

He was pulled over by a Topeka policeman, at approximately 2:45 p.m., who walked up to Plaintiff's car and asked for his driver's license. Plaintiff's license plate and driver's license were from Nevada. Plaintiff was questioned extensively about his reason for being in Topeka and where he was going.

The officer asked if he could search his car, and Plaintiff objected but told him that he could search the car. Another officer arrived with a dog, and the car was searched. One of the officers stood between Plaintiff and his car and kept putting his large frame toward Plaintiff, pushing him away from the car. Plaintiff felt like the officer was assaulting him. The officer also drew a line in the dirt and told Plaintiff that he could not cross the line. Plaintiff felt like he was falsely imprisoned.

A third officer pulled up, put on a leather glove, and punched into the glove while walking toward Plaintiff. He then put Plaintiff's left hand vigorously behind Plaintiff's back, almost breaking it, and held it there for approximately 4.2 minutes. The officer then walked back to his car and left. Plaintiff was not placed under arrest, and the other two officers informed Plaintiff he could leave.

Plaintiff contends his civil rights under 42 U.S.C. § 1983 were violated. He also alleges that he was falsely imprisoned mentally, as well as physically, and intentional infliction of emotional stress. Plaintiff seeks $78,000 in damages.

Defendant filed a Motion to Dismiss arguing that the Court should dismiss the complaint on the bases that 1) the Court lacks subject matter jurisdiction; 2) the Court does not have personal jurisdiction over Defendant; and 3) Plaintiff fails to state a claim.

## II. Defendant's Motion

### A. *Legal Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[5] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[6] Allegations that merely state legal conclusions, however, need not be accepted as true.[7]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8] "[The] court, however, will not

---

[2]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5]*Iqbal*, 129 S.Ct. at 1950.

[6]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Id.*

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9] "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] Plaintiff has the burden of alleging "enough facts to state a claim to relief that is plausible on its face."[11]

### B. Analysis

Defendant first contends that this Court lacks subject matter jurisdiction because there is no statement of facts on which the Court could base either diversity or federal question jurisdiction. Plaintiff, however, at least stated a federal statute, 42 U.S.C. § 1983, in his complaint in alleging that his federal rights were violated. Although Plaintiff's complaint is not well-pleaded in that there are very few facts and none that would state a cause of action under 42 U.S.C. § 1983, the Court will give Plaintiff the benefit of the doubt as to subject matter jurisdiction.

Defendant also contends that this Court lacks personal jurisdiction over the Topeka Police Department. Plaintiff only named one defendant, the Topeka Police Department. "Under well-established Kansas law, subdivisions, agencies, or departments of governmental entities do not have the capacity to sue or be sued in the absence of a statute providing otherwise."[12] There is no statutory provision giving the Topeka Police Department the capacity to be sued.[13] As such, the Topeka Police Department, as a subunit of city government, lacks the capacity to be sued, and it

---

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

[10] *Hall*, 935 F.2d at 1110.

[11] *Twombly*, 550 U.S. at 570.

[12] *Pfuetze v. Kansas*, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010).

[13] *See Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997).

must be dismissed.

Finally, even assuming the Court has subject matter jurisdiction or personal jurisdiction over the Defendant, Plaintiff fails to state a claim. Plaintiff's complaint contains no facts alleging a violation of his federal rights, privileges, or immunities secured by the Constitution. Plaintiff does not allege that any law was violated. There are no facts to support a claim of false imprisonment or intentional infliction of emotional distress. In sum, there are no facts in the complaint from which the Court can conclude that Plaintiff states a plausible claim for relief. As such, Defendant's motion to dismiss is granted.

### III. Plaintiff's Motion

Plaintiff filed a Motion for Injunction seeking the Court to order organized police harassment stopped nationwide. He asserts that the Court should issue an injunction against the police harassment, and all other forms of harassment, against the United States justice department. Plaintiff contends the department of justice has engaged in ongoing organized harassment against him.

A movant has the burden to establish by clear proof its right to a preliminary injunction. Mere allegations are insufficient. A preliminary injunction is an extraordinary remedy that is an exception rather than the rule, and courts do not grant it as a matter of right.[14] Plaintiff does not meet any of the criteria necessary to obtain injunctive relief. As such, Plaintiff's motion is denied.

**IT IS ACCORDINGLY ORDERED** that Defendant' Motion to Dismiss (Doc. 11) is **GRANTED**.

---

[14]*Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT COURT